**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION**

**CIVIL NO. 3:08CV330-T-02**
**(3:01CR11-01-T)**

| | | |
|---|---|---|
| **PHILLIP MARK VAUGHAN,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM AND** |
| | ) | **ORDER OF DISMISSAL** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| ________________________________ | ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, filed July 14, 2008. No response is necessary from the Government.

A prisoner in federal custody may attack his conviction and sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or is otherwise subject to collateral attack. **28 U.S.C. § 2255.** However,

> [i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United States District Courts.** The Court, having reviewed the recent record of criminal proceedings, enters summary dismissal for the reasons stated herein.

## I. PROCEDURAL HISTORY

Petitioner and four co-Defendants were charged in a superseding indictment with conspiracy to engage in mail, wire, bank and securities fraud, all in violation of 18 U.S.C. § 371 (Count One); wire fraud and aiding and abetting that offense, in violation of 18 U.S.C. §§ 1343 and 2 (Counts Two through Eight); mail fraud and aiding and abetting that offense, in violation of 18 U.S.C. §§ 1341 and 2 (Counts Nine through Thirteen); conspiracy to launder money by engaging in domestic transactions to promote his fraud scheme, to engage in tax fraud or to evade and conceal the proceeds of his fraud, in violation of 18 U.S.C. § 1956(h) (Count Fourteen); money laundering and aiding and abetting that offense, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2 (Counts Fifteen through Twenty-Three) and §§ 1956(a)(1)(B)(i) and 2 (Counts Twenty-Four through Twenty-Nine); aiding and abetting money laundering for the purpose of

income tax evasion, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i) and 2 (Counts Thirty through Thirty-Five); and aiding and abetting the actual or attempted transportation, transmission or transfer of money out of the United States, in violation of 18 U.S.C. §§ 1956(a)(2)(A) and 2 (Count Thirty-Six and Thirty-Seven). **Second Superseding Bill of Indictment, filed May 10, 2001.**

Petitioner entered into a written plea agreement with the Government whereby he agreed to plead guilty to Counts One, Fourteen, Thirty-Three, Thirty-Four and Thirty-Seven of the superseding indictment in exchange for the Government's promise to, inter alia, forego prosecution of Petitioner's wife, stepmother and brother. **Plea Agreement, filed June 14, 2001.** Petitioner's plea agreement also contains his stipulations that the value of the funds involved in Counts Fourteen through Thirty-Seven "was more than $35,000,000 and was not more than $60,000,000; and that he was subject to enhancements for the value of the funds, his managerial role in the offense and his abuse of his position of trust, thereby increasing his adjusted offense level to 40. ***Id.* at 1-2.** Additionally, the plea agreement contains a waiver by which Petitioner forfeited his right to contest his

conviction or sentence in any proceeding on any grounds, except ineffective assistance of counsel or prosecutorial misconduct. ***Id.* at 4.**

On June 14, 2001, Petitioner appeared with counsel before the Magistrate Judge and formally entered his guilty pleas. During that proceeding, the Magistrate Judge engaged Petitioner in the standard, lengthy plea colloquy pursuant to Rule 11 to ensure that his guilty pleas were knowingly and voluntarily made and entered. **Transcript of Rule 11 Hearing, filed March 17, 2003.** Based on the answers given by Petitioner, the Magistrate Judge found that his guilty pleas were knowingly and voluntarily made and that he understood the charges, penalties and consequences of his pleas. ***Id.* at 27-28.** Accordingly, the Magistrate Judge accepted Petitioner's guilty pleas. ***Id.* at 28.**

On April 17, 2003, the Government filed a sentencing memorandum wherein it agreed not to oppose a three-level reduction under U.S. S.G. § 3E1.1 for Petitioner's reluctant acceptance of responsibility. **Sentencing Memorandum, filed April 17, 2003, at 17**. Further, the Government's memorandum recommended a downward departure under § 5K1.1 of "no more than one level" because it deemed Petitioner's assistance to have been only "[a]rguably substantial." ***Id*. at 16-17**. Consequently, the

Government recommended that Petitioner be sentenced to a term of 235 months imprisonment. ***Id*. at 17**.

On April 25, 2003, Petitioner filed his own sentencing memorandum. **Defendant Phillip Mark Vaughan's Sentencing Memorandum, filed April 25, 2003.** Petitioner's memorandum asked the Court to grant him both the three-level reduction under § 3E1.1 and a more significant downward departure than the one-level reduction recommended by the Government. ***Id.* at 8**.

On April 29, 2003, the undersigned conducted a factual basis and sentencing hearing. After hearing from the parties, the Court sentenced Petitioner to a term of 60 months imprisonment on Count One and to a consecutive term of 160 months on Counts Fourteen, Thirty-Three, Thirty-Four and Thirty-Seven, for a total of 220 months imprisonment. **Judgment in a Criminal Case, filed May 8, 2003.** The Government dismissed the remaining charges which were pending against Petitioner. ***Id***.

Petitioner did not appeal his conviction or sentence; therefore, his Judgment became final ten (10) days after entry thereof. **See Fed. R. App. P. 4(b)(3)(A).** Now, after a lapse of over five years, Petitioner has returned

to this Court with his motion to vacate. However, it is clear from the record that Petitioner's motion is untimely.

## II. STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides in pertinent part:

> A 1-year period of limitation applies to a motion under this section. The limitation period shall run from the latest of-
>
> 1) the date on which the judgment of conviction becomes final;
>
> 2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> 3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> 4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

**28 U.S.C. § 2255.**

## III. DISCUSSION

As previously noted, Petitioner's Judgment was filed on May 8, 2003, and he did not appeal his conviction or sentence. Therefore, Petitioner's

Judgment became final on May 22, 2003. ***See*** **Fed. R. App. P. 4(b) (providing 10-day appeal period for criminal judgments);** ***United States v. Wilson*****, 256 F.3d 217, 221 (4th Cir. 2001) (noting that pursuant to Rule 4(b), an unappealed judgment becomes final ten days after its entry).** Because Petitioner did not file his § 2255 motion until July 14, 2008, it was filed well outside the one-year statute of limitations period and is, therefore, untimely.

Petitioner argues that his claim should not be time-barred because the one year limitation period began to run from June 2, 2008, that is, the date on which the Supreme Court announced its decision in *United States v. Santos*, 128 S. Ct. 2020 (2008), wherein the Court modified the definition of money laundering under 18 U.S.C. § 1956-(a)(1)(A)(i).[1] ***See*** **Motion to Vacate, at 16.** More specifically, Petitioner claims that the Supreme Court's decision in *Santos* changes the definition of the term "proceeds" as used in the money laundering context to exclude expenses which were incurred in the operation of an illegal scheme. ***Id***. Petitioner, therefore, argues that

---

[1] Title 18 U.S.C. § 1956(a)(1)(A)(i) provides that one who knowingly conducts or attempts to conduct a financial transaction using the "proceeds" from a specified illegal activity in an attempt to promote that specified illegal activity is guilty of money laundering.

because all of the money which his activities generated was used to pay for those activities, there were no profits and, therefore, there was no basis for his money laundering charges. ***Id.* at 17**.

Even assuming Petitioner's reading of *Santos is* accurate, the Supreme Court did not rule that its holding could be retroactively applied in collateral proceedings or otherwise. In fact, in his dissent, Justice Breyer found the majority opinion's modified statutory interpretation untenable and suggested that other solutions, which could be enacted retroactively, would be preferable. ***Santos,* 128 S. Ct. 2020, 2035.** Consequently, because it is clear that the new definition of "proceeds" as announced in *Santos* "does not rise to the level of a watershed rule of criminal procedure which 'alter[s] our understanding of the bedrock elements essential to the fairness of a proceeding,'" that case cannot be retroactively applied in this proceeding. ***United States v. Sanders*, 247 F.3d 139, 151 (4th Cir. 2001) (quoting *Sawyer v. Smith*, 497 U.S. 227, 242 (1990)) (explaining why a particular Supreme Court case announcing a new rule could not be retroactively applied on collateral review)**. More significantly, therefore, the *Santos* decision cannot be relied upon as a means for restarting Petitioner's one-year limitations period.

To put it simply, Petitioner's conviction and sentence were final on May 22, 2003, and the statutory limitation period began running from that date, not after the recent Supreme Court case was announced. Therefore, Petitioner's § 2255 Motion is untimely and must be dismissed. ***See United States v. Hardy*, 156 F. App'x 568 (4th Cir. 2005) (affirming dismissal of time-barred § 2255 motion).**

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is hereby **DISMISSED WITH PREJUDICE** as time-barred.

Signed: July 25, 2008

Lacy H. Thornburg
United States District Judge